UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                              DECISION AND ORDER

                                                              96-CR-6065L
                                                              04-CV-6104L

                        v.

ALVIN LEON MC GEE,

                                        Defendant.

_____


        Alvin Leon McGee ("McGee") has filed a motion pursuant to 28 U.S.C. § 2255 to vacate the

judgment and conviction in this case.   McGee was convicted after a jury trial of conspiracy to

distribute heroin and cocaine and of related offenses.   He was sentenced by this Court on May 26,

2000, principally to a term of 87 months on Count 1 and 48 months on Count 17, to run

concurrently.   The conviction was affirmed by the United States Court of Appeals for the Second

Circuit on March 11, 2003, 326 F.3d 45, *cert. denied,* 124 S. Ct. 2832 (2004).

        There is no basis for the relief requested and petition is hereby dismissed.   First of all, I agree

with the arguments made by the Government in its answer to the petition (Dkt. #479).   McGee has

defaulted on any claim of ineffective assistance of trial counsel.   McGee was represented by different

counsel on appeal and there is no reason advanced why the present claims could not have been made

on direct appeal.  It is clear that proceedings under § 2255 are not designed as a substitute for direct appeal.  For this reason alone, the petition should be dismissed.

In his motion to vacate, McGee raises only one issue:  that trial counsel was ineffective for failing to base his objection to the testimony of Special Agent Richard Biggs on the ground that it violated McGee's rights under the Confrontation Clause of the Sixth Amendment.  Counsel did raise objections to portions of Biggs' testimony but not on this ground.  McGee claims that he was prejudiced by this failure.  He claims that the Second Circuit considered his claim on appeal using the plain-error standard and McGee suggests that if a different, lesser standard was utilized, his conviction would have been reversed.

I disagree.  In considering whether McGee was prejudiced, the Second Circuit considered whether the error "affected the outcome of the district court proceedings," 326 F.3d at 61, *citing United States v. Gore,* 154 F.3d 34, 47 (2d Cir. 1998).

The Second Circuit determined that the Biggs' testimony did not substantially influence the jury's verdict and that in light of the prosecution's "formidable array of admissible evidence," 326 F.3d at 62, the challenged evidence was merely cumulative.  As the Second Circuit noted, three separate cooperating witnesses, Keith Miller, Raymond Fuller and Linda Fuller, testified at length concerning McGee's significant participation in the charged narcotics conspiracy.

Although not raised as a claim in his petition, McGee makes other claims of ineffective assistance in his memorandum.  None warrant relief. The claim that McGee was not advised of a "plea offer" is not supported by the record.  As the Government points out in its submission, McGee received several offers concerning a potential plea when represented by two different lawyers, his

trial counsel and his prior counsel.  He rejected them all. Many of the codefendants had pleaded

guilty and  it strains credulity to believe that plea offers were not conveyed to and discussed with

McGee.  According to the submissions, McGee professed his "innocence" and rejected all plea

offers.

Also, as noted by the Government, the record demonstrates clearly that the issue concerning

defendant's decision to testify came up on three separate occasions during the trial.  Defendant

clearly indicated his intent not to testify.  In fact, McGee now concedes that he told the Court that

he did not intend to testify when specifically questioned about that decision by the Court.  In spite

of that unequivocal statement, McGee now contends, 5 years after the trial, that he really did want

to testify but that his attorney told him not to.  This argument also strains credulity.  McGee may

have been counseled not to testify but he clearly advised the Court of his decision not to do so.  In

his memorandum filed in support of this petition, McGee claims that he intended to testify so the

jury would "have mercy on him."  (McGee's Memorandum of Law, filed May 10, 2004 at p. 3).  In

light of the strong evidence against him, it is hard to see what purpose would be gained by defendant

testifying on the slim chance the jury would have mercy and acquit him.  Even now, McGee does

not suggest how his testimony might have exculpated him.


CONCLUSION

The petition of Alvin Leon McGee to vacate the Judgment and Conviction in this case,

pursuant to 28 U.S.C. § 2255 is in all respects denied and the petition is dismissed.

I decline to issue a certificate of appealability because McGee has failed to make a substantial showing of the denial of a constitutional right. (28 U.S.C. § 2253(c)(2)).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
       September 27, 2005.